Roger G. Trim
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
2000 S. Colorado Blvd.
Tower 3, Suite 900
Denver, CO  80222
roger.trim@ogletree.com
Telephone: 303.764.6800
Facsimile:  303.831.9246

Attorney for Defendant Vitalant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

_____

| | |
|---|---|
| ERIN HARMS, | ) Case No.: CV-19-115-BLG-SPW |
| Plaintiff, | ) |
| v. | ) **NOTICE OF REMOVAL** |
| VITALANT, | ) |
| Defendant. | ) |

_____

Defendant Vitalant ("Vitalant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Thirteenth Judicial District Court, Yellowstone County, in the State of Montana, Cause No. DV 19-1213, to the United States District Court for the District of Montana, Billings Division.  In addition to removing this matter,

Vitalant specifically reserves its rights to assert any defense available under Rule 12 of the Federal Rules of Civil Procedure. As grounds for this removal, Vitalant states as follows:

**A.     Procedural Background.**

1.     Plaintiff Erin Harms ("Harms") filed a civil Complaint for Wrongful Discharge from Employment and Jury Demand ("Complaint") against Vitalant, in the Thirteenth Judicial District Court, Yellowstone County, Montana, Cause No. DV 19-1213, on or about August 6, 2019 (the "State Court Action").

2.     Copies of all process, pleadings and orders served upon Vitalant in the State Court Action are attached as Exhibit A. Vitalant was served on or about October 1, 2019, with the pleadings setting forth the claims for relief asserted in the State Court Action. The Complaint asserts claims for wrongful discharge under Montana's Wrongful Discharge from Employment Act ("WDEA") against Vitalant. (Exhibit A, Complaint, ¶ 5.)

3.     This Court has diversity jurisdiction over this matter by virtue of 28 U.S.C. § 1332 and may be removed by Vitalant under the provisions of 28 U.S.C. §§ 1441(a) and (b), because it is between citizens of different states, and the mater in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, as follows:

a. Plaintiff is a citizen of the State of Montana (See Exhibit A, Complaint, ¶ 5.)

b. Defendant is, and was at the time of the filing of the Complaint, an Arizona non-profit corporation organized under the laws of the State of Arizona with its principal place of business in Arizona. (See Exhibit B, Declaration of Kathryn Sewell, ¶ 5.)

c. Based on the above, there is complete diversity of citizenship between the parties in this suit.

d. The amount in controversy is also greater than $75,000.00 exclusive of interests and costs. Where, as here, a plaintiff does not allege an amount in controversy in the complaint, a removing party may provide evidence establishing that it is more likely than not that the amount in controversy exceeds the amount required under 28 U.S.C. § 1332(a). See Mattheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); and Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

e. Here, Plaintiff asserts claims under the WDEA and seeks damages under Mont. Code Ann. § 39-2-905(1), which allows

recovery of lost wages and benefits for a period not to exceed four years from the date of discharge (See Exhibit A, ¶ 6.) Plaintiff worked as a full-time employee at monthly salary of $7,202.94 at the time of her termination of employment (See Exhibit B, ¶ 7.) Plaintiff's projected annual gross earnings for 2019 would have been $86,435.28. Four years of lost salary is approximately $345,741.12. Accordingly, Plaintiff's gross earnings history alone makes it more likely than not that the amount in controversy under Mont. Code Ann. § 39-2-905(1) exceeds $75,000.00.

4. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in state court asserting a claim over which the district courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending. The Court in which Harms' State Court Action was filed, the Thirteenth Judicial District Court, Yellowstone County, Montana, is located within the District of Montana.

5. This Notice of Removal is being filed within 30 days after the receipt by Vitalant, through service or otherwise, of a copy of the initial pleading and is, therefore, timely. 28 U.S.C. § 1446(b)(1).

6. Pursuant to 28 U.S.C. § 1446(d), Vitalant is giving written notice of this removal to Harms and filing a copy of the notice with the Clerk of the Thirteenth Judicial District Court, Yellowstone County, Montana.  A Notice of Filing of Notice of Removal will be promptly filed with the Thirteenth Judicial District Court, Yellowstone County, Montana.  28 U.S.C. § 1446(d).

7. This case is properly removable to the United States District Court for the District of Montana pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

8. In filing this Notice of Removal, Vitalant reserves any defenses available to it in this action.

WHEREFORE, Defendant Vitalant hereby removes this action from the Thirteenth Judicial District Court, Yellowstone County, Montana to the United States District Court for the District of Montana, Billings Division.

DATED: October 22, 2019.

*s/ Roger G. Trim*
Roger G. Trim

ATTORNEY FOR DEFENDANT VITALANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and via email and First Class U.S. Mail, postage fully prepaid, upon the following counsel:

>Charles R. Cashmore
>Cashmore & Grant, PC
>2711 3rd Avenue, North, #321
>Billings, MT  59101
>ccashlaw@aol.com
>
>ATTORNEY FOR PLAINTIFF

>*s/ Roger G. Trim*
>Roger G. Trim